# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-31096

United States Court of Appeals
Fifth Circuit

**FILED**

November 6, 2017

Lyle W. Cayce
Clerk

FERNAND PAUL AUTERY,

Plaintiff-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY; STEPHANIE LAMARTINIERE, Assistant Warden, Louisiana State Penitentiary; GLENN COULLARD, Optometrist; SHIRLEY BYRD OTT, Assistant,

Defendants-Appellees

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:15-CV-375

Before PRADO, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:*

Fernand Paul Autery, Louisiana prisoner # 313537, filed a 42 U.S.C. § 1983 lawsuit against two medical personnel and two prison supervisors alleging Eighth Amendment violations based on deliberate indifference to his serious dry eye condition. The district court granted motions to dismiss filed by all defendants and denied Autery leave to file an amended complaint,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concluding that Autery failed to state a claim as to any defendant in any of his pleadings.

Autery has now filed a motion to proceed in forma pauperis (IFP) on appeal, which is a challenge to the district court's certification that his appeal is not in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation and citation omitted). We may dismiss the appeal if it is apparent that it would be frivolous. *Baugh*, 117 F.3d at 202 & n.24; *see* 5TH CIR. R. 42.2.

We have reviewed Autery's voluminous pleadings and supporting exhibits, including his proposed amended complaint. The district court correctly concluded that his factual allegations, taken as true, constitute only a disagreement with his medical treatment and fail to state a facially plausible Eighth Amendment claim that any defendant was deliberately indifferent to a serious medical need. *See Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016); *Gobert v. Caldwell*, 463 F.3d 339, 345-46 (5th Cir. 2006). His appeal is without arguable merit and is frivolous. *See* 5TH CIR. R. 42.2. Accordingly, Autery's request for IFP status is DENIED, and his APPEAL IS DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24.

We hereby inform Autery that the dismissal of this appeal as frivolous counts as a strike for purposes of 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal for failure to state a claim. *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1761-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). We caution Autery that once he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is

incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

MOTION TO PROCEED IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.